# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | **CIVIL NO. 1:CV-09-0773** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **C.O. HILL, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Dawn Marie Ball ("Ball"), an inmate at the State Correctional Institution at Muncy, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Listed as Defendants in the caption of the complaint are thirty-one (31) individuals, all of whom appear to be officials and employees at SCI-Muncy. (Doc. No. 1, Compl.) In the body of the complaint, additional SCI-Muncy employees are also referenced who are not listed in the caption of the complaint. Ball proceeds in forma pauperis in this matter.[1] Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present form.[2] Consequently,

---

[1] Ball completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued directing the Superintendent at SCI-Muncy to commence deducting the full filing fee from Ball's prison trust fund account. (Doc. No. 7.)

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

plaintiff will be directed to file an amended pleading in this action. The court will address Ball's pending motion for counsel, but all other pending motions will be dismissed without prejudice to refile the motions following the submission of an amended complaint in this action.

I.      **Allegations of the Complaint**

In the complaint as filed, Ball sets forth numerous claims which include denial of access to the courts, excessive force, cruel and unusual living conditions, confiscation of property, mail interference and denial of medical care. There are also numerous claims involving the denial of proper nutrition, retaliation and the failure to process grievances. With respect to the issues raised, it is clear that at least some of them involve completely separate incidents and involve different Defendants. For example, one of Ball's claims is with respect to the denial by certain Defendants of her participation in a court hearing involving a paternity matter in March of 2009. Another incident stems from an alleged improper search while Ball was showering, which resulted in the application of excessive force by different Defendants, and Ball's ultimate placement in a "strip cell". The complaint is also peppered with general claims of property confiscation, denial of access to the courts and incidents alleging the denial of medical care by other Defendants. Ball seeks injunctive and compensatory relief.

II.     **Discussion**

    A.      **Initial Screening of Complaint**

Fed. R. Civ. P. 8(e) states, in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 20, states, in pertinent part, the following:

> (A) Permissive Joinder. "All persons may ... be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of

> transactions or occurrences and if any question of law or fact
> common to all defendants will arise in the action. A plaintiff or
> defendant need not be interested in obtaining or defending against
> all the relief demanded. Judgment may be given against ... one or
> more of the defendants according to their respective abilities.

Fed. R. Civ. P. 20(a). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974).

As submitted, it is clear that Plaintiff's complaint is in violation of both Rules 8 and 20. Plaintiff fails to associate each named Defendant with the alleged conduct they engaged in which violated her rights under the Constitution. She also asserts claims that appear to be completely unrelated, and that do not arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, it does not appear that the claims all involve an issue of law or fact common to all defendants. While some of the incidents set forth in the complaint are related, such as the improper shower search and excessive force claims arising therefrom, others clearly are not. For example, Plaintiff seeks to litigate the issue of the denial of access to the courts relative to her paternity suit, as well as numerous instances of property confiscation and the

3

denial of medical care.[3]

Based on the foregoing, it is clear that the instant complaint has numerous procedural deficiencies. However, in the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Ball will be granted an opportunity to file an amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants in accordance with the above principles. She will be afforded fifteen (15) days within which to do so. In preparing an amended complaint, Ball is advised that she must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed her. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Further, Ball is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels Ball's compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a host of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

B.     **Request for Appointment of Counsel**

---

[3] It is noted that Plaintiff is currently litigating the denial of access to the courts issue involving the paternity hearing in another action she has pending before this Court. See Ball v. Hartman, et al., Civ. No. 09-844.

4

Ball moves for the appointment of counsel in this action. In support of her request she claims that she (1) is unable to afford counsel; (2) has limited access to the law library due to being housed in a segregated unit; (3) is unable to question witnesses and obtain evidence on her own; (4) is subjected to retaliation; and (5) is unable to afford depositions and interrogatories to pursue her claims. (Doc. No. 6.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Any analysis of the merits is premature at this point in that Ball has been directed to file an amended complaint in this action. However, even if the Court were to assume that any claims raised by Ball did have arguable merit, the following factors must also be considered:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

   3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

   4. The plaintiff's capacity to retain counsel on his or her own behalf;

   5. The extent to which a case is likely to turn on credibility determinations; and

   6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Ball's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. She is no stranger to this Court. Ball has filed numerous civil rights actions in the Middle District of Pennsylvania and, at the present time, has seven (7) active cases pending. This case is at a very early stage. The pleadings submitted thus far do not contain complicated legal issues, and the dockets in each of Ball's cases demonstrate that she is clearly able to litigate this action on her own. She is proficient in both filing and opposing motions, as evidenced in her active cases pending before this Court, and although confined in the RHU, it is clear that she does have some access to the law library. Any concern on her part, with respect to conducting discovery and preparing for trial at this point is premature. It cannot be said, at least at this point, that Ball will suffer substantial prejudice if she is required to proceed with the prosecution of this case on her own. She is clearly capable of preparing an amended complaint in this action, as it is based upon facts within her own knowledge.

This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Ball's apparent ability to litigate this action, weigh against the appointment of counsel. Her pending motion will be denied. If future proceedings demonstrate the need for

counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Ball.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-09-0773 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| C.O. HILL, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 4th day of February, 2010, upon consideration of Plaintiff's complaint (Doc. No. 1), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff shall file an amended complaint within fifteen (15) days from the date of this order in accordance with the attached Memorandum. The amended complaint shall carry the same civil docket number (1:09-CV-0773) presently assigned to this matter. The Clerk of Court shall forward to Plaintiff a § 1983 civil rights form complaint for her use in filing the amended complaint.

2. The amended complaint must comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20. Should Plaintiff file an amended complaint which complies with Rule 8, but fails to comply with Fed. R. Civ. P. 20(a), the Court will dismiss all but the first count of the amended complaint.

3. Plaintiff's motion for counsel (Doc. No. 6) is **denied without prejudice**.

4. All other pending motions filed by Plaintiff (Doc. Nos. 4, 11 ) are **dismissed, without prejudice,** to the refiling of said motions following the submission of an amended complaint in this action.

5. The Clerk of Court is directed to strike and return to Plaintiff the declarations submitted (Doc. Nos. 13-20) as they are not related to any motion presently pending in this action.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania