IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-09-0773 |
|     Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| C.O. HILL, et al., | : | |
|     Defendants | : | |

### MEMORANDUM

Dawn Marie Ball ("Ball"), an inmate confined at the State Correctional Institution at Cambridge Springs (SCI-Cambridge Springs), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Thirty-one individuals were named as defendants in the original complaint, all of whom appear to be officials and employees at SCI-Muncy, Ball's former place of incarceration. (Doc. No. 1.) In the body of the complaint, Ball set forth numerous claims including denial of access to the courts, excessive force, cruel and unusual living conditions, confiscation of property, mail interference and denial of medical care. On February 4, 2010, Ball was directed to file an amended complaint that complies with both Federal Rule of Civil Procedure 8 and 20. (Doc. No. 21.) In addition, Ball's motion for the appointment of counsel was denied without prejudice. Plaintiff has now submitted an amended complaint. The Court will direct that the amended complaint be served. Plaintiff's motion for counsel (Doc. No. 29) and motion for injunctive relief (Doc. No. 30) are also pending. For the reasons that follow, both motions will be denied.

**I.     MOTION FOR APPOINTMENT OF COUNSEL**

The Court first directs its attention to Ball's second request for the appointment of counsel in this case. (Doc. No. 29.) In support of her request, Ball sets forth the same supporting

arguments as in her earlier motion. She states that she is unable to afford counsel and is limited in her ability to litigate her action due to confinement in a segregated unit. She claims that her access to pens and envelopes is limited and that an attorney is better able to handle this matter on her behalf. She also states that her vision is impaired and that she suffers from psychological problems.

The standard used to evaluate requests for counsel was thoroughly set forth in the Court's Memorandum of February 4, 2010, and will not be reiterated herein. (Doc. No. 21 at 5-7.) Other than complaining about her vision and psychological problems, the arguments advanced by Ball in support of her request for counsel have been considered and rejected by the Court. While Ball may indeed suffer from less than perfect eyesight and psychological problems, her filings to date in this case, as well as her other civil actions pending before this Court, reveal that she is fully capable of representing herself in this action. Even assuming the pending amended complaint has merit, Ball's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Ball is an experienced litigator in this Court. The pleadings submitted thus far do not contain complicated legal issues. Any concern on Ball's part with respect to interference by the Defendants in her attempts to litigate this case are also no longer a concern. Ball has been transferred from SCI-Muncy since she filed this action. Further, her concern with respect to conducting discovery and preparing for trial is premature. It cannot be said that Ball will suffer substantial prejudice if she is required to proceed with the prosecution of this case on her own.

This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), coupled with Ball's apparent ability to litigate this action, weigh against the

appointment of counsel. Her pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Ball.

## II.     MOTION FOR INJUNCTIVE RELIEF

Ball has filed a motion seeking injunctive relief against Sergeant Winder and Correctional Officer Wright, two of the Defendants named in this action who are employees at SCI-Muncy. Specifically, Ball claims that these two Defendants sexually and physically assaulted her, and they will do so again if injunctive relief does not issue. Ball claims that her mistreatment by these two Defendants is an ongoing problem, and she desires either a "stay away" order or a transfer to another prison. For the following reasons, the motion must be denied.

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 375-76 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n.8 (3d Cir. 1994).

Without unnecessary elaboration, Ball has failed to show a likelihood of success on the

3

merits or irreparable injury if her motion is denied. Her request for injunctive relief is now moot based upon her transfer to SCI-Cambridge Springs. It is well established that where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject, or against a prison in which he is no longer housed, there is no longer a live controversy justiciable by the court. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981). Therefore, the motion for injunctive relief must be denied. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | CIVIL NO. 1:CV-09-0773 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **C.O. HILL, et al.,** | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 1st day of February 2011, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to forward the amended complaint (Doc. No. 28), along with a copy of this order, to the United States Marshal for service upon the Defendants named therein.

2. Plaintiff's motion for the appointment of counsel (Doc. No. 29) is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff's motion for injunctive relief (Doc. No. 30) is **DENIED**.

\_\_s/ Yvette Kane\_\_\_\_
YVETTE KANE, Chief Judge
Middle District of Pennsylvania